UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO: 00-336 |
| JON QUINONES | SECTION: T |

**ORDER AND REASONS**

Before the Court is Defendant Jon Quinones' Motion for Early Termination of Supervised Release (the "Motion"), requesting early termination of his 5-year supervised release term.[1] In light of Defendant's compliance with the terms and conditions of his supervised release since his release in July of 2019, the Government does not oppose Quinones' Motion.[2] Having considered the parties' briefing, the record, and the applicable law, the Court will GRANT the Motion.

**BACKGROUND**

On January 18, 2001, Mr. Quinones pled guilty to three counts of an indictment charging him with violations of the Federal Controlled Substances Act.[3] Mr. Quinones was subsequently sentenced to a 262-month term of imprisonment and a 5-year term of supervised release.[4] After serving 18 years and 9 months in custody,[5] Mr. Quinones was released from prison on July 19, 2019.[6]

During this time of supervised release, Mr. Quinones has been released from a halfway

---

[1] R. Doc. 67 at 1.
[2] R. Doc. 70 at 1-2.
[3] *Id.* at 1; *see also* R. Doc. 67 at 1.
[4] R. Doc. 70 at 1; R. Doc 67 at 1.
[5] R. Doc. 67 at 1.
[6] R. Doc. 70 at 1.

1

house, secured employment, and received a promotion to foreman.[7] Both Mr. Quinones and the Government report Mr. Quinones' full compliance with the requirements of the terms of his supervised release.[8]

On August 24, 2022, roughly three and a half years into his supervised release term, Mr. Quinones filed the instant Motion, asking the Court to consider granting early termination of his supervised release.[9] Considering Mr. Quinones' cooperation with his probation officer and steady employment, the Government "has no objection to early termination of supervised release."[10]

## LAW AND ANALYSIS

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[11] In making its determination, the Court should consider many of the same factors it assessed when imposing the original sentence, "including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence."[12]

"[E]arly termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[13] "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination[.]"[14] "Full compliance, after all, is merely what is expected of all people serving terms of

---

[7] R. Doc. 67 at 1.
[8] R. Doc. 67 at 1; R. Doc 70 at 1-2.
[9] R. Doc. 67 at 1.
[10] R. Doc. 70 at 2.
[11] 18 U.S.C. § 3583(e)(1).
[12] *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998); *see also* 18 U.S.C. § 3583(e).
[13] *United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) (collecting cases).
[14] *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (collecting cases); *see also United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) (collecting cases).

supervised release."[15] In determining what is considered exceptional, the Court has broad discretion under the statute.[16]

Additionally, the Court should consider the goals of supervised release, which "aims to rehabilitate defendants and reduce recidivism by easing the transition from prison to the community. These benefits are only realized if defendants are subject to supervision."[17] As such, "[s]hortening the period of supervised release reduces the amount of time a former prisoner is monitored by the system and undermines the rehabilitative goals Congress pursued in enacting [18 U.S.C.] § 3624."[18]

## ANALYSIS

Although the crimes for which Mr. Quinones was convicted are serious, the remaining factors the Court must consider weigh in favor of early termination. The Government has voiced no concerns regarding public safety or deterrence and its response highlights Mr. Quinones' full compliance with the terms and conditions of his supervised release. Mr. Quinones has also demonstrated gainful employment and a recent promotion, indicating his successful transition to life outside of prison. Therefore, early termination of the supervised release would remain in accordance with Congress's goal "to rehabilitate defendants and reduce recidivism by easing the transition from prison to the community."[19] Thus, Mr. Quinones' term of supervised release shall be terminated.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Jon Quinones' Motion for Early Termination of Supervised Release, R. Doc. 67, is **GRANTED**.

---

[15] *Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273, at *2 (2d Cir. June 10, 1998) (unpublished).
[16] *See Jeanes*, 150 F.3d at 484.
[17] *United States v. Cartagena-Lopez*, 979 F.3d 356, 363 (5th Cir. 2020).
[18] *United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005).
[19] *Cartagena-Lopez*, 979 F.3d at 363.

New Orleans, Louisiana, this 25th day of September, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE